## Helton v. Johnson.

(Decided March 6, 1931.)

B. M. LEE for appellant.

G. L. FORESTER, R. L. POPE and E. H. JOHNSON for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

The appellee, Mrs. Roe Moore Helton, was, in February, 1925, a widow, her name then being Mrs. Roe Moore. She later intermarried with F. R. Helton. In February, 1925, her first husband had recently died and she was endeavoring to settle up his estate. She held a claim against F. M. Jones and others and she employed the appellee, E. H. Johnson, an attorney of the Harlan county bar, to collect the same for her. It is conceded that at the time she employed the appellee she gave him a check for $100, on which she had written, "For attor-

ney's fees,'' and it is also conceded that at the same time she gave him another check for $200 on which she had written, ''For going on my bond, to be returned to me.'' It is agreed that when Mr. Johnson undertook the prosecution of this Jones claim, he advised the appellant to procure an attachment against the property of F. M. Jones and he agreed to become surety on the attachment bond which the appellant would then have to give, providing she would secure him against possible loss on the bond and this $200 check was given for that purpose. The appellee cashed both of the checks immediately. Suit was filed against F. M. Jones and an attachment was issued against his property. Jones executed bond pursuant to section 221 of the Civil Code of Practice which had the effect of releasing the attachment and of removing from the case any question of the validity of the attachment. The suit against F. M. Jones was prosecuted to a conclusion and judgment was secured for the appellant, but the surety on the bond executed by F. M. Jones turning out to be insolvent, the appellant has never collected anything on her judgment. The present suit was instituted in March, 1930, by the appellant against Mr. Johnson to recover the $200 she had given him under the aforementioned circumstances. By his answer, Mr. Johnson admitted the facts alleged as to the issuance of the $200 check, but averred that subsequent to that time he had rendered to the appellant a great deal of legal service, that in 1928 when she first made demand upon him for the return of the $200 check he presented her with a bill for his services amounting to $500, and that then and there they agreed in compromise and settlement of their respective claims against each other that he should retain the $200 check in full setlement of his claim for services rendered. He pleaded the alleged settlement in bar of appellant's suit. Appellant made a motion to require the defendant to make his answer more specific by setting out the services he had rendered her. In compliance with the court's orders sustaining that motion, appellee filed an amended answer in which he claimed the services rendered were those rendered by him in the Jones suit, in the adjustment of a claim for $206 against the estate of her husband in favor of the American Oil Petroleum & Tank Company and in many other matters which he could not then recall in detail. By her reply, appellant denied that there was any settlement as alleged by the appellee and denied that he ren-

dered any service to her in any case whatever except the F. M. Jones case. She specifically denied the alleged services in the tank company case, and as to the F. M. Jones case, she averred that the fee was an agreed one of $100 which had been paid. When the case came on for trial, the court put the burden of proof upon the appellee, who detailed as best he could, though not much more specifically than in his answer, the services which he claimed had been paid for by the alleged settlement of· 1928. He also testified as to the making of the settlement and was corroborated in that by his sister-in-law. The appellant denied that any settlement had taken place, but when she undertook to testify that no service had been rendered her except in the F. M. Jones case, the court refused to permit her to so testify, assuming, as it also later did in its instruction to the jury, that such services had been rendered. The court confined the appellant solely to the proposition as to whether or not any settlement had been made in 1928 or not. On this sole issue the jury found a verdict for the appellee, and from the judgment entered on that verdict, this appeal is prosecuted.

We are of opinion that the court erred in the assumption it made and in excluding the testimony offered. Under the pleadings, the alleged services which appellee claimed he had rendered the appellant and for which he was entitled to compensation in addition to the $100 paid him in the Jones case, as well as the fact of the making of the settlement, were in issue. Under these issues, if no services had been rendered, the settlement even if made was without consideration and hence of no effect. Further, on the issue of the making of the settlement, whether any services had been rendered or not had an important bearing on whether a settlement had been made or not for if no services had been rendered, the jury could well have concluded that of course no settlement had been made, since there was nothing to settle. The trial court, a special judge sitting, surmounted this obstacle by assuming that services had been rendered, a fact that was squarely in issue under the pleadings. The assumption was not warranted, and the exclusion of the offered testimony was error. Wherefore, the motion for an appeal is sustained, the appeal granted, and the judgment is reversed with instructions to grant the appellant a new trial in conformity with this opinion.